# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00426-CR

---

**Terry Nelson, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 423RD DISTRICT COURT OF BASTROP COUNTY
### NO. 16,692, THE HONORABLE CHRISTOPHER DARROW DUGGAN, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Terry Nelson has filed a notice of appeal from a judgment adjudicating Nelson's guilt on a charge of manslaughter and two charges of aggravated assault. *See* Tex. Penal Code §§ 19.02, 22.02. The Court deferred adjudication of guilt and assessed a term and conditions of community supervision. On August 7, 2023, Nelson pleaded true to the allegations in a motion to adjudicate. The trial court found Nelson guilty on all three counts and assessed sentence at fourteen years in prison for each of the offenses with the terms to run concurrently.

This Court's appellate jurisdiction in a criminal case is invoked by a timely-filed notice of appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). An appeal is perfected in a criminal case when a notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court or within ninety days after sentencing if the defendant timely files a motion for new trial. Tex. R. App. P. 26.2(a).

Because no motion for new trial was filed in the record provided, Nelson's notice of appeal was due thirty days after sentence was imposed: Wednesday, September 6, 2023. *See* Tex. R. App. P. 26.2(a)(1). Nelson filed a notice of appeal in this Court on June 18, 2025, more than twenty-one months past the deadline.

Absent a timely-filed notice of appeal, we lack jurisdiction to dispose of this appeal in any manner other than dismissing it for want of jurisdiction. *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). Accordingly, we dismiss the appeal for want of jurisdiction.[1]

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Dismissed for Want of Jurisdiction

Filed: July 11, 2025

Do Not Publish

_____

[1] The remedy for a late-filed notice of appeal is to file a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. *See* Tex. Code Crim. Proc. art. 11.07.